UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| DONALD ARTHUR LOVEDAY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:99-cv-509 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| MARY BERGHUIS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254, challenging his 1985 convictions on four counts of first-degree criminal sexual conduct, for which petitioner was sentenced to four concurrent life sentences. By opinion and judgment entered September 11, 2000, this court dismissed the petition as untimely under the one-year statute of limitations applicable to habeas corpus actions. 28 U.S.C. § 2244(d)(1). The Sixth Circuit Court of Appeals refused petitioner a certificate of appealability, and the United States Supreme Court denied a petition for *certiorari*. On May 27, 2004, nineteen years after his convictions, petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), contending that this court's calculation of time for purposes of the statute of limitations was rendered incorrect by a 2003 decision of the Sixth Circuit Court of Appeals. By order entered March 23, 2005, this court denied petitioner's motion for relief from judgment. Petitioner has now filed a notice of appeal of that order. This raises two procedural issues.

The first issue is whether petitioner should be allowed to proceed *in forma pauperis* on appeal. Sixth Circuit Internal Operating Procedure 5.1 provides that a $250.00 docketing fee and a $5.00 filing fee must be paid to the district court when a notice of appeal is filed. A prisoner who is unable to pay the required filing fees may seek leave to appeal in a § 2254 action pursuant to Rule 24(a) of the Federal Rules of Appellate Procedure. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Petitioner has complied with Rule 24(a), which requires him to file a motion for leave to proceed *in forma pauperis* and an affidavit showing his inability to file the required fees (as prescribed by Form 4 of the Appendix of Forms), his belief that he is entitled to redress, and a statement of the issue he intends to present on appeal. The documents show that Petitioner is unable to pay the filing and docket fees required for an appeal.

In light of his indigence, petitioner may proceed *in forma pauperis* on appeal without pre-paying or giving security for fees and costs. FED. R. APP. P. 24(a)(2). Therefore, petitioner is not required to pay the $255 fee for filing an appeal. *See Kincade*, 117 F.33d at 951 (holding that 28 U.S.C. § 1915(b) provides that the fee provisions of the Prison Litigation Reform Act of 1995 do not apply to an appeal from a decision on an application for habeas relief.)[1]

The second issue is whether this court should grant a certificate of appealability. The Sixth Circuit has determined that Rule 22 of the Federal Rules of Appellate Procedure requires a petitioner appealing the denial of a § 2254 petition to apply first to the district court for a certificate of appealability. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997). Further, under the recently amended provisions of the Habeas Corpus Act, a petitioner may not appeal in a habeas case

---

[1] This court notes that pursuant to 28 U.S.C. § 2254 and Rule 24(a)(3) of the Federal Rules of Appellate Procedure, it is not required to address whether the instant appeal is taken in good faith because petitioner did not proceed *in forma pauperis* in the district court. *See* 28 U.S.C. § 2254; FED. R. APP. P. 24(a)(3).

unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). Amended Rule 22 of the Federal Rules of Appellate Procedure extends to district judges the authority to issue a certificate of appealability. FED. R. APP. P. 22(b). *See Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997). The filing of a notice of appeal that does not specify the issues that petitioner seeks to have reviewed on appeal will be deemed a request for review of all issues. *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997) (Admin. Ord.). Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

This court denied petitioner's application on procedural grounds, finding that a change in the law occurring after petitioner's judgment became final does not provide grounds for relief under Rule 60(b). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both showings must be made to warrant the grant of a certificate. *Id.* The court finds that reasonable jurists could not debate that this court correctly dismissed petitioner's claims on the procedural grounds of statute of limitations in 2000 under then prevailing law, and that a change in decisional law thereafter is not grounds for Rule 60(b) relief. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner

should be allowed to proceed further." *Id.* Therefore, the court denies petitioner a certificate of appealability.

IT IS ORDERED that petitioner is granted leave to proceed *in forma pauperis* on appeal.

IT IS FURTHER ORDERED that petitioner's certificate of appealability be and hereby is DENIED.


Dated:     May 12, 2005              /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE